UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN SIERRA, and similarly situated individuals,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>RENUE SYSTEMS OF NY-NJ, LLC, and JUSTIN CHODOS, individually, IRFAN HASSAN, individually, and JOHN DOES, individually,<br><br>　　　　　　　　　　　　　Defendants. | Dkt. No.: 1:20-cv-00399-KPF<br><br>AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT |

　　　　　This action is brought to recover unpaid overtime compensation, "spread of hours" compensation, notice and record keeping violations, and weekly wage statement violations damages owed to MARTIN SIERRA, (hereinafter referred to as "Sierra" or "Plaintiff"), and all similarly situated persons who are presently or were formerly employed by RENUE SYSTEMS OF NY-NJ, LLC, ("Renue"), and JUSTIN CHODOS, individually ("Chodos")(collectively "Defendants").

**INTRODUCTION**

1.　　Plaintiff, by and through his attorneys, Jaffe Glenn Law Group, P.A., alleges upon personal knowledge matters as follows: This action is brought as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA"), and as a class action pursuant to Rule 23.  Additionally, Plaintiff brings state claims under the New York Labor Law ("NYLL"), NYYL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12 § 142-2.2, the NYYL's requirement that employers pay wages to their employees pursuant to the terms of employment, NYLL §§ 190, 191, 198, and 663(1), the NYLL's requirement that the

employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3), and other claims inferred from the facts set forth herein.

2. Defendants operate a commercial cleaning business in New York and New Jersey, providing daily and weekly cleanings for clients in the hospitality industry.

3. Beginning in approximately 2013, upon information and belief, and continuing through the present, Defendants willfully engaged in a policy and practice of failing to pay the Plaintiff and the putative collective/class members for all time, including regular time and overtime, for work performed in connection with Defendants' commercial cleaning business as required by the Fair Labor Standards Act and the applicable New York law.

4. Beginning in approximately 2013, and, upon information and belief, continuing through the present, Defendants have willfully engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week, without providing all compensation, both straight time pay and overtime compensation as required by the Fair Labor Standards Act and applicable New York law.

5. Beginning in approximately 2013, and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring their employees to regularly work approximately ten (10) hours per day, without providing spread-of-hours compensation as required by applicable New York law.

6. Under the direction of Renue's owner-operator, Justin Chodos, Defendants instituted this practice of willfully depriving their employees of regular pay and overtime compensation for work performed in excess of 40 hours per week as required by the FLSA and the NYLL, as well as spread-of-hours compensation as mandated by New York law.

7. Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, recovery for all unpaid compensation, including overtime wages, and spread-of-hours compensation, notice and record keeping violations, and weekly wage statement violations that they were deprived of, as well as penalties for Defendants' record keeping violations, plus interest, and any additional damages as allowed for under the law and attorneys' fees, and costs.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331, 1332, and 1367, and 29 U.S.C. § 216(b).

9. Further, the Court has supplemental jurisdiction under 28 U.S.C. §1367 over Plaintiff's state law claims because those claims derive from a common nucleus of operative facts.

10. Venue is proper in the New York County pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

11. At all times pertinent to this Complaint, the Defendant was and remains an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). More specifically, Defendant owns, operates, and/or manages a commercial cleaning company. Alternatively, Plaintiff and those similarly situated employees worked in interstate commerce, i.e., servicing Defendants' clients, at least throughout New York and New Jersey. Thus, Plaintiff and those similarly situated employees fall within the protections of the FLSA.

-3-

## THE PARTIES

12. Plaintiff is an individual who resides in New York, New York and who was and currently is employed by Defendants.

13. Upon information and belief, Renue was, during the relevant time period, and remains, a corporation incorporated under the laws of the State of New Jersey, with its principal office of business in Freehold, County, New Jersey, and is engaged in the commercial cleaning business.

14. Upon information and belief, Defendant Justin Chodos, is a resident of New Jersey, and, at all relevant times, was an officer, director, president, vice president, operator, manager, and/or owner of Renue.

## FAIR LABOR STANDARDS ACT COLLECTIVE ALLEGATIONS

15. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

16. For purposes of the FLSA, the putative Class is defined as all non-exempt commercial cleaners, however variously titled, employed by Defendants in New York and New Jersey, and in any other states where the Defendants employ such commercial cleaners, who have not been properly compensated overtime wages for all hours worked in excess of forty (40) in a workweek.

17. Plaintiff brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt commercial cleaners – who worked in furtherance of Defendants' business, on or after December 11, 2016 (three years before the filing of the Complaint in this case), and who elect to opt-in to this action ("FLSA Collective Plaintiffs").

18. All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been

assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Plaintiffs have performed.

19. As part of its regular business practice, Defendants have intentionally, willfully, repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to, willfully failing to compensate Plaintiff and FLSA Collective Plaintiffs the properly overtime wages for all of the hours that they worked in excess of forty (40) hours per workweek.Defendants are aware of or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective Plaintiffs the properly due wages at an overtime premium for all hours worked in excess of forty (40) per workweek.

20. Plaintiff and FLSA Collective Plaintiffs all perform or performed similar duties and were all compensated in the same manner as Plaintiff.

21. Plaintiff and FLSA Collective Plaintiffs all were improperly compensated.

22. Plaintiff and FLSA Collective Plaintiffs all were subject to the same employment policies, procedures, and practices as centrally disseminated by Defendants.

23. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## **RULE 23 CLASS ALLEGATIONS**

24. This action is properly maintainable as a class action to Rule 23.

25. This action is brought on behalf of Named Plaintiff and a putativeclass consisting of similarly situated individuals who were employed by Defendants.

26. The class is defined as – non-exempt commercial cleaners – who worked in furtherance of Defendants' business, on or after December 11, 2013 (six years before the filing of the Complaint in this case).

27. The claim of the Named Plaintiff is typical of the claims of the putative class. The Named Plaintiff and other members of the class were all subject to Defendants' willful violations of the FLSA and the applicable state statutes as more fully set forth herein. The Named Plaintiff and members of the class members thus have sustained similar injuries as a result of Defendants' actions.

28. The putative Class is believed to be in excess of 100 employees. In addition, the names of all potential putative Class members are not known.

29. A Class Action is superior to other available methods for the fair and efficient adjudication of this controversy as the Class is so numerous that joinder of all putative Class members is impracticable.

30. A Class Action is also superior to other methods of adjudication as common questions of law and fact as to all putative class members predominate over any questions pertaining to individual members of the class, including, but not limited to, whether Defendants properly compensated the Plaintiff and the putative Class members for all hours worked on or after December 11, 2013.

31. Additionally, proceeding as a Class is beneficial to Defendants as their defenses, if any, are common to the Class, as opposed to individual members.

32. The Named Plaintiff's claims are based, in large part, upon a determination of whether the Defendants' record keeping requirements were violated, and whether each of the hours that Plaintiff worked was fully and properly compensated for by Defendants.

33. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the members of the class. The Named Plaintiff has retained counsel experienced in complex FLSA and state wage matters and class action litigation..

34. The Named Plaintiff and members of the class lack the financial resources to adequately prosecute separate lawsuits against Defendants. Furthermore, the damages for each individual are small compared to the expense and burden of individual prosecution of this litigation.

35. A class action under Rule 23 are also superior to other methods of adjudication as they prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## FACTS

36. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

37. Upon information and belief, beginning in or about 2014, and continuing, Defendants employed Plaintiff and other members of the putative class to perform work as commercial cleaners and perform job functions related to Defendants' commercial hospitality operations.

38. Upon information and belief, during the relevant time period, and continuing to date, individual Defendant, Justin Chodos was an officer, director, shareholder, and/or manager of Defendant Renue, and (i) had the power to hire and fire employees for these entities; (ii) supervised and controlled employee work schedules or conditions of employment for these entities; (iii) determined the rate and method of payment for Defendants' employees; and (iv) maintained employment records for Renue.

39. Upon information and belief, during the relevant time period and continuing to date, individual Defendant Justin Chodos dominated the day-to-day operating decisions of Renue, made major personnel decisions for Renue, and had complete control of the alleged activities of Renue,

which give rise to the claims brought herein.

40. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of applicable New York State law by failing to maintain proper and complete timesheets or payroll records.

41. Plaintiff Sierra's duties while working at Renue, included, but were not limited to, cleaning restaurants and hotels.

42. Plaintiff Sierra began his employment for Defendants in 2014, and is still currently working for Defendants.

43. Plaintiff Sierra works for Defendants five (5) to six (6) days per week.

44. Plaintiff Sierra worked approximately thirty-eight (38) to sixty (60) hours per week.

45. Defendants currently pay Plaintiff Sierra approximately $18.25 per hour

46. Defendants pay Plaintiff at an overtime rate for some of the hours that he works in excess of forty (40) in a workweek, however, not all hours.

### FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FLSA OVERTIME COMPENSATION LAW

47. Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

48. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

49. Plaintiff has consented in writing to be party to this action, pursuant to 29 U.S.C. § 216(b).

50. At all relevant times, Plaintiff and other members of the collective action were engaged in commerce and/or the service of goods for commerce within the meaning of 29 U.S.C. §§ 206(a)

and 207(a).

51.     The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

52.     Defendants are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53.     At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

54.     Defendants have failed to pay Plaintiff and other members of the collective action all of the overtime wages to which they were and are entitled under the FLSA.

55.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other members of the collective action.

56.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57.     As a result of Defendants' willful violations of the FLSA, Plaintiff and other members of the collective action have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq*.

58.     As a result of the unlawful acts of Defendants, Plaintiff and other members of the collective action have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## NYLL OVERTIME COMPENSATION LAW

58.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

59.     New York State law mandates that employers pay their employees one and one-half times the ordinary minimum wage rate for any hours over forty that they work per week. See , NYLL § 160 and 12 NYCRR § 142-2.2.

60.     NYCRR requires that "[a]n employer shall pay an employee for overtime at a wage rate of one-and-one half times the employee's regular rate for hours worked in excess of forty (40) hours in one workweek."

61.     Plaintiff and other members of the putative class regularly worked more than forty (40) hours a week while working for Defendants.

62.     Defendants failed to pay Plaintiff and other members of the putative class overtime wages for all hours worked over forty (40) in any given week, in violation of the NYCRR and the NYLL.

63.     Upon information and belief, Defendants' failure to pay Plaintiff and other members of the putative class their earned overtime wages was willful.

64.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.4 and NYLL § 663 and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, damages, attorneys' fees and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## NYLL SPREAD OF HOURS LAW

65.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

66.     Pursuant to state law, New York employees are entitled to receive "an additional hour of pay at the basic minimum hourly rate" for any workday that lasts longer than ten hours, including "intervals off duty." See 12 NYCRR § 146-1.6.

67.     Upon information and belief, Defendants required that the Plaintiff and other members of the putative class work more than ten (10) hours in a day.

68.     Upon information and belief, Defendants did not pay the Plaintiff and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate when the Plaintiff and other members of the putative class worked more than ten (10) hours in a day.

69.     Consequently, by failing to pay the Plaintiff and other members of the putative class an additional hour's pay at the basic minimum hourly wage rate when Plaintiff and other members of the putative class worked more than ten (10) hours in a day, Defendants violated 12 NYCRR § 146-1.6.

70.     Upon information and belief, Defendants' failure to pay "spread of hours" compensation to the Plaintiff and other members of the putative class was willful.

71.     By the foregoing reasons, Defendants have violated 12 NYCRR § 146-1.6, and are liable to the Named Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, and attorneys' fees and costs, pursuant to the above cited Labor Law and regulatory sections.

### FOURTH CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY WAGES

72.     Plaintiff re-alleges and incorporates by reference all allegations in the preceding paragraphs.

73.     Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff and other

members of the putative class, are protected from wage underpayments and improper employment practices.

74. USA is an employer within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

75. Chodos is an employer within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

76. Plaintiff and other members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

77. Plaintiff and other members of the putative class agreed upon wage rate and/or overtime compensation rate were within the meaning of New York Labor Law Article 6 §§ 190, 191.

78. Pursuant to New York Labor Law Article 6 § 191 and the cases interpreting same, workers such as Plaintiff and other members of the putative class are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

79. In failing to pay Plaintiff and other members of the putative class earned statutory wages, overtime compensation, and spread of hours compensation within the week such wages were due, Defendants violated New York Labor Law Article 6 § 191.

80. Pursuant to New York Labor Law Article 6 § 193, "[n]o employer shall make any deduction from the wages of an employee," such as Plaintiff and other members of the putative class, that is not otherwise authorized by law or by the employee.

81. Pursuant to New York Labor Law Article 6 § 193 and the cases interpreting same, by withholding wages and overtime payments for time worked in any given week from Plaintiff and other members of the putative class, Defendants made unlawful deductions in wages owed to

Plaintiff and other members of the putative class.

82. Upon information and belief, Defendants failure to pay Plaintiff and other members of the putative class earned wages and overtime compensation was willful.

83. By the foregoing reasons, Defendants have violated the NYLL and are liable to Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest and attorneys' fees and costs, pursuant to the above cited Labor Law sections.

### FIFTH CAUSE OF ACTION AGAINST DEFENDANTS: NYLL NOTICE AND RECORD KEEPING LAW

84. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs herein.

85. New York State law mandates that Defendants supply Plaintiff and putative class members notice detailing their pay as required by NYLL § 195(3).

86. NYLL, requires that Defendants provide Plaintiff, and putative class members either in English or in the language identified by Plaintiff and putative class members as their primary language, with annual notice containing Plaintiff's and putative class members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece rate, commission, or other, hourly rate or rates of pay and overtime rate or rates of pay, if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with the NYLL; the name of the employer, any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, plus such other information as the commissioner deems material and necessary.

87. Defendants failed to provide Plaintiff and putative class members with the records as described above, in violation of NYLL Art. 6, § 195.

88. Upon information and belief, Defendants' failure to provide Plaintiff and putative class members notice of their earnings as required was willful.

89. Due to Defendants' violations of the NYLL, Plaintiff and putative class members are entitled to recover from Defendants two hundred fifty dollars for each workweek that the violations occurred, or a total five thousand dollars, as provided for by NYLL Art. 6 §198(1)-d, reasonable attorneys' fees and costs.

### SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
### NYLL  WEEKLY STATEMENT LAW

90. Plaintiff repeats and re-alleges the allegations set forth in the previous paragraphs herein.

91. New York State law mandates that Defendants supply Plaintiff and putative class members a statement with every payment of wages detailing, amongst other things, his hours worked and his pay as required by NYLL Article 6, § 195 3.

92. NYLL Article 6, § 195 3, requires that Defendants provide Plaintiff and putative class members with a weekly statement delineating, their dates of work covered, whether paid by the hour, shift, day, week, salary, piece rate, commission, or other gross wages, hourly rate or rates of pay and overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked in accordance with NYLL Art. 6 § 195 3.

93. Defendants failed to provide Plaintiff and putative class members with the statement as described in paragraph 106 above, in violation of NYLL Art. 6, § 195 3.

94. Upon information and belief, Defendants' failure to provide Plaintiff and putative class members this statement accurately as required was willful.

-14-

95. Due to Defendants' violations of the NYLL, Plaintiff and putative class members are entitled to recover from Defendants two hundred fifty dollars for each workweek that the violations occurred, or a total five thousand dollars, as provided for by NYLL Art. 6 §198(1)-d, reasonable attorneys' fees and costs.

**WHEREFORE**, the Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants demand judgment:

96. Certify this matter as a class action, designating the Named Plaintiff as class representative;

97. Designate JAFFE GLENN LAW GROUP, P.A. as class counsel;

98. On their first cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Fair Labor Standards Act sections;

99. On their second cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

100. On their third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

101. On their fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

102. On their fifth cause of action, against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

103. On their sixth cause of action, against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs, pursuant to the above cited Labor Law sections;

104. And such other and further relief as the Court may deem just and proper.

-16-

Dated: New York County, New York
       September 24, 2021

                                            **JAFFE GLENN LAW GROUP, PA**

                                            By:/s/ Andrew I. Glenn
                                            Andrew I. Glenn
                                            Email: Aglenn@jaffeglenn.com (admitted Pro Hac Vice)
                                            Jodi J. Jaffe, Esq.
                                            Email: Jjaffe@jaffeglenn.com
                                            300 Carnegie Center, Suite 150
                                            Princeton, New Jersey 08540
                                            (Tel) 201-687-9977
                                            (Fax) 201-595-0308
                                            *Attorneys for the Plaintiff*
                                            *and Putative Class*