UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN SIERRA, and similarly situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>RENUE SYSTEMS OF NY-NJ, LLC, and JUSTIN CHODOS, individually,<br><br>Defendants. | Dkt. No.: 1:20-cv-00399-KPF |

**FINAL ORDER APPROVING SETTLEMENT**

WHEREAS, the Parties have made an application pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving settlement in the above-entitled action, in accordance with a Settlement Agreement and Release (the "Agreement"), which sets forth the terms and conditions for the settlement of this action against Defendants and for dismissal of this action against Defendants with prejudice upon the terms and conditions set forththerein, and the Court has read and considered the Agreement and the Declaration of Andrew I Glenn dated February 3, 2022, and exhibits attached thereto;

WHEREAS, on October 26, 2021, this Court issued an order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the Class. Based on its preliminary review, this Court found that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiff and the Class, as defined in the proposed Agreement. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court also scheduled a Fairness Hearing

to further discuss the terms of the settlement and to provide an opportunity for any objections to be heard;

WHEREAS, counsel for Plaintiffs has advised that no written objections to the settlement have been received, nor has any individual opted out of the settlement;

WHEREAS, the Court is satisfied that the proposed settlement in this action meets both the procedural and substantive fairness.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court finds that the settlement is procedurally fair and has been reached through arms-length negotiation between experienced counsel and having engaged in adequate discovery.

2. The Court also finds that the settlement satisfies the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("*Grinnell*"). The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

3. This Court has jurisdiction over the subject matter of this action, and over all parties to the action, including all Class Members.

4. For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement.

5. The settlement set forth in the Agreement is approved and the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiff and the Class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure.

6. All terms and provisions of the Agreement shall be implemented.

7. Class Members who have not properly and timely exercised their opt-out rights are conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement. All such matters are hereby finally concluded, terminated and extinguished.

8. The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute.

9. The Notice distributed to Class Members fully and accurately informed the Class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all Class Members complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution.

10. The Settlement Fund is to be distributed to the Class Members, pursuant to the Agreement, including the service awards to the Named Plaintiff and Opt-In Plaintiff, and professional costs and fees, all in accordance with the terms of the Agreement to those individuals who have elected to participate in the settlement.

11. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over consummation and performance of the Agreement.

12. That the Clerk of the Court is directed to close case 1:20-cv-00399.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED THIS __22nd__ DAY OF __February__, 2022.

Dated:   February 22, 2022
         New York, New York

_____
HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE